E-Filed: **6/2/09**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Voltaire Williams,<br><br>        Petitioner,<br><br>    v.<br><br>Sisto, et al.,<br><br>        Respondents.<br>_____ | CASE NO. CV 07-2580-GHK<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

      This matter is before the Court on Petitioner Voltaire Williams's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). We have considered the papers filed in support of and opposition to this Petition, and deem this matter appropriate for resolution without oral argument. L.R. 78-230(h). As the Parties are familiar with the facts in this case, they will be repeated only as necessary. Accordingly, we rule as follows.

**I.**     **Petitioner's Liberty Interest In Parole and Our Standard of Review**

      Respondent states that California prisoners do not have a constitutionally protected liberty interest in a parole date. Respondent is incorrect. The Ninth Circuit, interpreting California law, has held that California prisoners have a constitutionally protected liberty interest in a parole date which cannot be deprived without due process of law. *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006); *see also Irons v.*

*Carey*, 505 F.3d 846, 850–51 (9th Cir. 2007). Petitioner's claim that the Board of Parole Hearings' ("Board") denial of parole deprived him of due process is cognizable on this Petition.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we cannot grant this habeas petition unless we determine that the California Superior Court's decision[1] "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Sass*, 461 F.3d at 1127.

Respondent contends that use of the "some evidence" standard in the parole context is not clearly established by the Supreme Court for purposes of AEDPA. The Ninth Circuit has rejected this argument. *Sass*, 461 F.3d at 1128–29. In *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, the Supreme Court held that "revocation of good time does not comport with 'the minimum requirements of procedural due process,' unless the findings of the prison disciplinary board are supported by some evidence in the record." 472 U.S. 445, 454 (1985) (internal citations omitted). Although the Supreme Court has not specifically identified what standard should be used in the parole context, it follows from *Hill* that due process must be satisfied and the "some evidence" standard is a minimal standard. To hold that less than the "some evidence" standard is required would violate clearly established federal law because it would mean that a state could interfere with a liberty interest-that in parole-without support or in an otherwise arbitrary manner. *Sass*, 461 F.3d at 1128–29. Therefore, the some-evidence standard applies in parole denial hearings. *Id.*

//

---

[1] Under the "look-through" doctrine, "where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991).

## II. Discussion

The instant Petition is directed at the Board's 2006 decision to deny Petitioner a parole date. Petitioner's first contention is that the Board's decision was not based on some evidence that Petitioner poses an unreasonable public safety risk.

To determine whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [factfinder]," which in this case is the Board. *Hill*, 472 U.S. at 455–56. However, evidence underlying the Board's decision must have some indicia of reliability. *Jacsek v. Oregon Bd. of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987); *Hodge v. Carey*, 2007 WL 163247, at *7 (E.D. Cal. Jan. 18, 2007).

The Board denied parole because: (1) the Petitioner took responsibility for his crime but did not believe that his current imprisonment is deserved; (2) the motive for the crime was very trivial; (3) Petitioner's crime showed callous disregard for human suffering; (4) Petitioner's prior record shows a history of violent behavior; (5) Petitioner has a number of institutional infractions, including a 115 as recent as December of 2003; and (6) Petitioner's psychological assessment did not provide the Board with a sufficient assessment of Petitioner's dangerousness given it compared Petitioner to other prisoners and not the general public. We conclude that at a minimum, factors 1–3, and 5–6 were based on reliable evidence, and we agree with the California Superior Court that the Board's conclusion that Petitioner was unsuitable for parole was based on some evidence.

Petitioner next contends that the Board violated his due process rights by denying parole based on unchanging factors, specifically, factors 2–3.

Petitioner's argument fails because a prisoner's due process rights are not violated when a prisoner is deemed unsuitable for parole based on unchanging factors prior to the expiration of their minimum terms. *Irons v. Carey*, 505 F.3d 846, 853–54 (9th Cir. 2007). As of 2006, Petitioner had not served the minimum 25 years of his 25-year to life

sentence.

### III. Conclusion

Accordingly, we **DENY** Petitioner's Petition for Writ of Habeas Corpus.

**IT IS SO ORDERED**.

DATED: June 2, 2009

_____
GEORGE H. KING
United States District Judge[2]

---

[2] United States District Judge for the Central District of California sitting by designation.

4